[NOTE. A patent was accordingly issued, November 9, 1858, to the appellant, Charles H. Davidson, being No. 22,018.]

## Case No. 3,607.

### DAVIDSON v. PHOENIX INS. CO.

[4 Sawy. 594].[1]

Circuit Court, N. D. California. June Term, 1866.

LIMITATION OF TIME TO COMMENCE SUIT ON INSURANCE POLICY.

A condition in a policy of insurance to the effect that no suit for a loss shall be maintained upon it, unless such suit be commenced within twelve months next after the loss, is valid and will be enforced.

[Cited in Spare v. Home Mut. Ins. Co., 17 Fed. 570; Thompson v. Phoenix Ins. Co., 25 Fed. 298; Steel v. Phenix Ins. Co., 47 Fed. 864.]

This was a suit on the equity side of the court, to reform a policy of insurance, effected by the Phoenix Insurance Company, of Hartford, Connecticut, upon property of plaintiff [Mayer Davidson], and to compel the payment of the amount for which the policy was issued.

It was heard on demurrer to the bill at the June term of 1867.

William H. L. Barnes, for complainant.
William Barber, for defendant.

FIELD, Circuit Justice. The bill alleges in substance, that on the nineteenth of September, 1864, in consideration of the payment of a premium of $196, the defendant, by its authorized agents, executed and delivered to the plaintiff a policy of insurance against loss by fire, to the amount of $7,500, upon a building and property contained in the building belonging to him at Mokelumne Hill, in this state; that on the twenty-sixth of February, 1865, before the expiration of the policy, the building and contents were destroyed by fire; that the plaintiff, within the time required, gave the defendant written notice and proof of the fire and loss, and demanded payment of the amount of the insurance money; but that such payment was refused upon the alleged ground of over-valuation of the building in the application for the insurance. The over-valuation is admitted, and consisted in the statement that the building was worth $12,000, whereas, in fact, it was only worth one-half of that sum. The bill avers that this statement was the result of an error committed by the agent of the insurance company in filling up the blanks in a printed form of application, and not by the plaintiff himself; that the building was estimated by

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

the plaintiff, and stated by him to be of the value of $6,000; and the entire property insured—building and contents—was estimated and stated by him to be of the value of $12,000; but the agent of the company, by mistake, applied the estimate of the value of the entire property to that of the building alone; that the plaintiff, believing that the valuation, as verbally given by him, was correctly inserted, signed the application without examination; that by its terms he is erroneously represented as having at the time agreed and warranted that the valuation of the building was the sum specified therein; that the agent was not aware of the error in the statement until after the loss by the fire, nor was the plaintiff aware of it until after he had presented his claim for the insurance money, and the company had refused to pay the same on the ground mentioned. The bill concludes with a prayer that the policy be reformed by striking out $12,000 as the valuation of the building, and inserting $6,000 in lieu thereof, so as to conform to the true intent of the parties at the time; and that the defendant be adjudged to pay the amount of the insurance named in the policy.

To the bill the defendant has interposed both a demurrer and a plea. The demurrer is to so much of the bill as prays, by way of relief, a decree for the amount of the insurance money, on the ground that the court, in the exercise of its equitable jurisdiction, is not competent to grant such relief; but that the remedy of the plaintiff, if he have any, must be sought in a court of law; and also that by the terms of the ninth condition of the policy which is annexed to and made a part of the bill, the plaintiff has lost the right (if any he ever had) to demand such relief.

It is not necessary to pass upon the sufficiency of the first ground of the demurrer, for the view we take of the second ground disposes of the case. The ninth condition of the policy provides that no suit against the company for the recovery of any claim by virtue of the policy shall be sustained in any court of law or chancery, unless such suit be commenced within twelve months next after the loss shall occur; and that should any suit be commenced after that period, the lapse of time shall be deemed conclusive evidence against the validity of the claim. The loss in this case occurred on the twenty-sixth day of February, 1865, and the present suit was not instituted until the seventh of July, 1867, more than fifteen months afterward. If this condition be valid there can be no occasion for any reformation of the policy; for, if reformed, the policy would not support any claim for the insurance money. And that the condition is valid there can be no reasonable doubt. There is nothing in it against law or public policy. It rests upon the same ground as other conditions, such as require notice of losses and a detailed statement of the particulars. Its object is not to deprive the legal tribunals of their proper jurisdiction, but to

compel an early resort ·to them when claims for losses are disputed, or an abandonment of the claims. It may in many instances be of great importance to the company that such claims be prosecuted as speedily as possible, whilst the facts are fresh in the recollection of witnesses, and their testimony can be readily obtained. The greater the delay the greater will be the difficulty of detecting frauds on the part of the insured, or of ascertaining the actual extent of the losses incurred.

But whether it be important or not to the company that claims should be thus prosecuted in any case, it is certainly competent for the parties to stipulate that the right of the insured to indemnity shall depend, in case his claim is resisted, upon his seeking his remedy within the given period. They are free to stipulate the terms upon which the risk shall be taken, and the losses paid, and this may as well be one of them as any of the others specified. Cray v. Hartford Fire Ins. Co. [Case No. 3,375]; Amesburg v. Bowditch Mut. Fire Ins. Co., 6 Gray, 596; Fullam v. New York Union Ins. Co., 7 Gray, 61.

The demurrer must be sustained and the bill be dismissed; and it is so ordered.