### SPARE *v.* HOME MUT. INS. CO.

*(Circuit Court, D. Oregon. August 13, 1883.)*

1. LIMITATION UPON RIGHT TO SUE ON POLICY OF INSURANCE.

  A policy of insurance against fire, issued by the defendant, provided that a loss thereunder should be payable 60 days after proof thereof; and that a suit for the recovery of any claim under the policy should be brought within 12 months after the loss occurred. *Held*, that the 12 months did not commence to run until the loss was due and payable—the expiration of the 60 days after the proof of the same.

2. ASSIGNMENT OF POLICY AFTER A FIRE.

  A clause in a policy providing that the same shall be void if assigned after a fire, is illegal, and such assignment is valid, and carries with it the right to maintain a suit to correct a mistake therein.

3. MISTAKE IN POLICY—CORRECTION OF, IN EQUITY.

  The owners of a warehouse, being indebted to the plaintiff, agreed to insure the same against fire for his benefit, and accordingly agreed with the defendant for such insurance in their names, with loss payable to the plaintiff, but by mistake the plaintiff's name was written in the policy as the assured and owner of the property. A loss occurred within the period of the risk, and after proof of loss by the owners, and adjustment by the defendant, the former assigned the policy and their rights thereunder to the plaintiff. *Held*, on demurrer, that

the equity of the case was with the plaintiff, and he was entitled to have the contract reformed according to the true understanding and purpose of the parties thereto.

Suit in Equity to Reform a Policy of Insurance.
*George H. Williams* and *W. Scott Beebe,* for plaintiff.
*Cyrus A. Dolph,* for defendant.

DEADY, J. This suit is brought by a citizen of Oregon against a corporation formed under the laws of California, to reform a policy of insurance, and recover an alleged loss thereunder as reformed.

It appears from the bill that on July 26, 1881, Aaron and Ben Lurch were doing business as Lurch Bros., at Cottage Grove, Oregon, and were the owners of a warehouse there of not less than $1,000 in value, and that at and before said date they were indebted to the plaintiff in a sum exceeding $1,000, and to secure him in the payment of the same it was agreed that they should insure the warehouse against loss by fire for the sum of $900 in their own names, for his benefit, and that, in pursuance of said agreement, it was agreed between Lurch Bros. and the defendant that the latter would insure said property accordingly; that on July 26, 1881, the defendant delivered to said Lurch Bros. its policy of insurance on said warehouse against loss by fire for the period of one year, in the sum of $900,—describing it as "his one-story frame warehouse occupied by the assured for the storage of grain only,"—but that in the execution of the policy the plaintiff's name was by mistake inserted therein as the assured, instead of that of Lurch Bros., and the provision that the loss, if any, should be payable to the plaintiff was omitted therefrom; that on February 14, 1882, said warehouse was totally destroyed by fire, and on March 24th, thereafter, Lurch Bros. furnished the defendant with the proof of loss, and the same was duly adjusted by it at $900; and that the plaintiff was not aware of the mistake in the policy until after the loss, and Lurch Bros. have since assigned the same, together with all their rights thereunder, to the plaintiff.

The defendant demurs to the bill, and for cause thereof alleges (1) that the suit is not brought within the 12 months limited therefor by the policy; (2) that the policy was void from its inception; (3) that the policy became void by the assignment thereof to the plaintiff contrary to its terms; (4) that the plaintiff is not the real party in interest; and (5) that the plaintiff is not entitled to any relief against the defendant.

The policy is annexed to the bill, and to understand the particular grounds of the demurrer some of its voluminous clauses must be stated; as, for instance: The assured shall give immediate notice and proof of any loss. Such loss is to be paid in 60 days after due notice and proof of the same. If the policy is assigned before or after a fire the same shall be void. "That no suit for the recovery of any claim by virtue of this policy shall be sustained unless commenced within 12 months next after the loss shall have occurred;

and should any such suit be commenced after the aforesaid 12 months, the lapse of time shall be taken as conclusive evidence against the validity of such claim."

The bill in this case was filed on April 28, and the subpœna thereon was issued and served on May 1, 1883. By rule 6 of this court a party filing a bill must cause proper process to issue thereon, and endeavor to have the same served within 90 days from such filing, or it may be dismissed for want of prosecution on the motion of any defendant who has not voluntarily appeared thereto. Under this rule this suit was commenced when the bill was filed; and, for aught that has been shown, such was the effect of filing the bill without the rule. However, the bill was not filed until 14 months and 14 days after the fire occurred.

On the authority of adjudged cases (*Davidson* v. *Phœnix Ins. Co.* 4 Sawy. 594; *Riddlesbarger* v. *Hartford Ins. Co.* 7 Wall. 389; May, Ins. § 478) it is admitted by counsel for the plaintiff that this clause in the policy, limiting the time within which a suit may be commenced thereon against the defendant, is valid; but they contend that it must be read in connection with that other clause which provides that a loss does not become payable until 60 days after the proof of that fact is made; and that, taken together, the reasonable construction of them is that the right to sue on the policy being postponed until the loss is payable,—namely, 60 days after proof thereof, —the 12 months' limitation upon such right does not commence to run until that time. This construction is supported by the decided weight of authority, and in my judgment is correct on principle. *Mayor, etc.,* v. *Hamilton Fire Ins. Co.* 39 N. Y. 45; *Hay* v. *Star Fire Ins. Co.* 77 N. Y. 241; *Barber* v. *Fire & Marine Ins. Co., etc.,* 16 W. Va. 658, (S. C. 37 Amer. Rep. 800;) *Chandler* v. *St. Paul F. & M. Ins. Co.* 21 Minn. 85; *Steen* v. *Niagara Fire Ins. Co.* 89 N. Y. 315, (S. C. 42 Amer. Rep. 297;) May, Ins. § 479.

The language of this policy is that of the defendant, and any ambiguity in its terms must be resolved against it. Taken literally, the clause limiting the time within which the defendant may be sued does provide that a suit on the policy must be commenced within 12 months after the loss has occurred; but the policy also provides that the loss is not payable until 60 days after proof of the fact, and even then the defendant may give notice of its intention not to pay, but to repair or replace. A stipulation that a suit may or must be brought within 12 months from a certain time, implies that the party has the whole 12 months for that purpose—that he may commence a suit on the first day of such period. But if it cannot be commenced until two months of the time has expired, then, in reality, only ten months are given in which to sue. Under this policy the period within which a suit may be brought ought to begin at the time when, by its terms, it *can* be commenced—when the loss is established, and the claim therefor is due and payable.

In *Steen* v. *Niagara Fire Ins. Co., supra,* 299, the policy contained two similar conditions, and the court, in construing them, said:

"We think the intention of the defendant was to give the insured a full period of twelve months, within any part of which he might commence his action; and having, by postponement of the time of payment, secured itself from suit, it did not intend to embrace that period within the term after the expiration of which it could not be sued. In other words, the parties cannot be presumed to have suspended the remedy and provided for the running of the period of limitation during the same time. Indeed, the actual case is stronger. Not only was the remedy postponed, but the liability even did not exist at the time of the fire, nor until it was fixed and ascertained according to the provisions of the policy. Having thus made the doing of certain things, and a fixed lapse of time thereafter, conditions precedent to the bringing of an action, the parties must be deemed to have contracted in reference to a time when the insured, except for that contract, might be in a condition to bring an action. Under any other construction, the two conditions are inconsistent with each other."

The objection that the policy is void, is based upon the fact disclosed in the bill that the assured, as the policy is written, has no interest in the property insured. But this is alleged to be the result of a mistake, by which the property was insured in the name of the plaintiff instead of that of the owners for his benefit, which mistake this suit is brought to correct. Neither has the policy become void by the assignment to the plaintiff. The stipulation that the policy shall be void if assigned before a fire, without the consent of the defendant, is valid. While the risk is active or pending, the contract is personal, and the policy cannot be assigned without the consent of the insurer. But the stipulation that the policy shall be void if so assigned after the fire, stands on a different footing. When the proof of loss was made, and the liability of the defendant under the policy fixed, the relation between the parties was changed from insurer and insured to that of debtor and creditor, and the *delectus personæ* of the contract was no longer material. Therefore this second stipulation is null and void, because it is intended to prevent the assignment of a chose in action contrary to the policy of the law. Wood, Fire Ins. §§ 94, 337, 340, 342, and cases there cited.

By the assignment of this policy to the plaintiff he certainly became the real party in interest therein, as it then stood, and is entitled, as such assignee, to recover from the defendant whatever sum was then due thereon from it to his assignors. If the assignment also carries with it the right to have the policy reformed in equity, as I think it does, (Story, Eq. Jur. § 165,) the plaintiff is also the real party in interest, in that aspect of the case, he being the person for whose benefit the insurance was effected.

The alleged mistake in this case appears to be a proper one for the interference of a court of equity. The objection that the plaintiff is asking the court to make a new contract between the two parties might be urged against any application of this nature. To reform a

contract, or correct a mistake in one, is to change the language of it in some material particular concerning the subject-matter or parties thereto. When reformed, as compared with the contract contained in the imperfect or erroneous writing, it may be said to be a new one, but in fact it is the true and only contract between the parties.

The defendant has had the benefit of the premium paid on this risk by these parties; but by reason of the plaintiff being erroneously named in the policy as the assured, instead of the owners thereof, it is not liable, as the policy stands, to pay the loss incurred and insured against to any one. Upon the transaction, as stated in the bill, there is a strong implication that there was a mistake in this particular. Spare, who is merely a creditor of the owners, does not appear to have had an insurable interest in the property, and therefore any insurance in his name was nugatory. *Spare* v. *Home M. Ins. Co.* 8 Sawy. 618; [S. C. 15 FED. REP. 707.] Lurch Bros. were the owners of the property, and they wished to insure it for the benefit of Spare, their creditor. As this could only be done by insuring it in their own names for his benefit, it is not unreasonable to suppose that such was the understanding or agreement. Either this must have been the case, or the parties, more intent upon the end to be accomplished than the choice of proper means, carelessly or ignorantly effected the insurance in the name of Spare, rather than their own. But the bill alleges that the agreement was to insure in the name of the owners for the benefit of the creditor, and that the mistake occurred in the writing of the policy; and this the demurrer admits to be the truth. See *Brugger* v. *State Invest. Ins. Co.* 5 Sawy. 304.

Putting aside the technical points made in the argument for the defendant, the equities of this case, as stated in the bill, are all with the plaintiff. An insurance on this property was duly effected for his benefit, and whether the mistake in the name of the assured was made in the application for the insurance, or in reducing the understanding of the parties to writing in the policy, is, in justice and right, of no material consequence to the defendant.

The demurrer is overruled.