## GARIDO v. AMERICAN CENT. INS. CO. OF ST. LOUIS.

### No. 8624; November 20, 1885.

8 Pac. 512.

Fire Insurance—Time for Suing on Policy.—Where an insurance policy contains a clause that any suit or action thereon should be commenced within twelve months after the loss, the action thereon must be brought within the time limited, and held, that the evidence in the present action did not sustain a finding that the delay in bringing the suit was caused by defendant's conduct.[1]

APPEAL from Superior Court, County of Contra Costa.

Sidney V. Smith & Son for appellant; Mills & Jones and Warmcastle & Bowie for respondent.

MYRICK, J.—Action on an insurance policy. The property insured was destroyed February 15, 1880. The assured gave immediate notice of the loss, and as soon thereafter as practicable made proofs, as required by the policy. The complaint was filed November 1, 1881. The policy contained the clause that any suit or action thereon should be commenced within twelve months next after the loss. The action not having been commenced until nearly two years after the fire, the plaintiff endeavored to prove, and claims, and the court below found, that in and about negotiations for a compromise the conduct of the defendant was such that it impliedly agreed to suspend the clause above referred to, and that the defendant held out hopes that an adjustment would be made, and induced the plaintiff and the assured to delay bringing the suit within one year after the loss.

Admitting that the agent, Snow, had full authority, we do not think there is evidence upon which to base the above

---

[1] Cited in Case v. Sun Ins. Co., 83 Cal. 477, 8 L. R. A. 48, 23 Pac. 535, and distinguished from a case where it was impossible to bring the action within the twelve months.

Cited in Fitzpatrick v. North American Acc. Ins. Co., 18 Cal. App. 266, 123 Pac. 210, as authority for sustaining a demurrer to the complaint in a suit begun after the time expressly limited in the policy.

findings. On the contrary, we think the plaintiff acted entirely upon his own judgment, and that of his attorney. Whatever may have been the effect of the negotiations prior to January 21, 1881, on that day plaintiff was distinctly informed of the position of the defendant. This was in ample time to commence the suit. Judgment and order reversed and cause remanded for a new trial.

We concur: Thornton, J.; Morrison, C. J.