[No. 12593.   Department Two. — March 26, 1890.]

GEORGE A. CASE, RESPONDENT, v. SUN INSURANCE COMPANY, APPELLANT.

FIRE INSURANCE — CONSTRUCTION OF POLICY — SPECIAL LIMITATION OF ACTION — MATURITY OF CAUSE OF ACTION. — A special limitation in a policy of fire insurance, providing that there shall be no recovery on the policy unless suit or action shall be commenced within twelve months next after the fire, is controlled and modified by a clause in the policy making the adjusted claim due and payable sixty days after the full completion by the assured of all the requirements contained in the policy; and the twelve months' limitation does not begin to run until the loss is payable and the right of action accrues. If the assured complies with all the requirements of the policy as rapidly as he is able, and is unable to complete the requirements exacted by the insurance company until more than twelve months have elapsed after the fire, his cause of action is not barred by the provisions of the policy, on the ground that the suit is brought fourteen months after the fire.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Rhodes & Barstow,* for Appellant.

*Haggin, Van Ness & Dibble,* for Respondent.

SHARPSTEIN, J. — The policy upon which this action is based contains, among others, the following clause: —

"It is mutually agreed that no suit or action for the recovery of any claim by virtue of this policy shall be sustainable in any court of law or chancery, until appraisement shall be had, if demanded by this company, and in accordance with the printed conditions of this policy, nor unless such suit or action shall be commenced within twelve months next after the fire shall occur."

The fire is alleged to have occurred on the twelfth day of September, 1884, and this action was commenced on the twenty-second day of November, 1885, more than twelve months next after the fire occurred.

The contention of appellant is, that at the time of the commencement of the action it was barred by the terms of said stipulation. That contention must prevail, unless the clause upon which it is based is modified by some other clause or clauses of the policy.

One clause reads as follows: "The amount of loss or damage to be estimated according to the actual cash marketable value of the property at the time of the loss, which in no case shall exceed what it would then cost to replace the same, deducting therefrom a suitable amount for any depreciation of such property by reason of age, wear and tear, location, change of style, lack of adaptation to profitable use, or other causes. The *adjusted* claim under this policy shall be due and payable at the company's office in San Francisco, California, *sixty days after* the full completion by the assured of all the requirements herein contained."

Among the requirements therein contained were the following: "The assured, his, her, and their agents and

servants, shall, whenever required, submit to an examination or examinations, under oath, by any person appointed by this company, and subscribe to such examinations when reduced to writing, and shall also produce their books of account and other vouchers, and exhibit the same for examination at the office of this company in San Francisco, as often as required, and permit extracts and copies thereof to be made. The assured also shall produce certified copies of all bills and invoices, the originals of which have been lost, and shall exhibit all that remains of the said property, damaged or not damaged, for examination to any person or persons named by this company, and shall also furnish such further particulars and such certificates of a magistrate or officer charged with the duty of investigating fires as may be required. The proofs of loss shall be made by the party insured in regular form."

It is alleged and proven that appellant exacted a compliance by the assured with all of these requirements, and that the insured complied therewith as rapidly as he was able to, and that he was unable to fully comply therewith before the sixteenth day of October, 1885, — more than thirteen months after the fire occurred, and more than one month after the expiration of the time within which an action could be commenced, according to the construction which the appellant's counsel insists should be given to the policy.

The adjusted claim under the policy was payable *sixty days after* the full completion by the assured of all the requirements contained in the policy. No right of action accrued until more than three months after it was barred by the twelve months' limitation clause, unless that clause is modified by some other clause.

In *Spare* v. *Home Mut. Ins. Co.*, 9 Saw. 142, the court, Deady, J., said: " On the authority of adjudged cases (*Davidson* v. *Phœnix Ins. Co.*, 4 Saw. 594; *Riddleshager* v. *Hartford Ins. Co.*, 7 Wall. 389; May on Insurance, sec.

478), it is admitted by counsel for plaintiff that this clause in the policy, limiting the times within which a suit may be commenced thereon against the defendant, is valid; but they contend that it must be read in connection with that other clause which provides that a loss does not become payable until sixty days after the proof of that fact is made; and that taken together, the reasonable construction of law is, that the right to sue on the policy being postponed until the loss is payable, — namely, sixty days after proof thereof, — the twelve months' limitation upon such right does not commence to run until that time. This construction is supported by the decided weight of authority, and in my judgment is correct in principle. (*Mayor etc.* v. *Hamilton F. Ins. Co.*, 39 N. Y. 45; 100 Am. Dec. 400; *Hay* v. *Star F. Ins. Co.*, 77 N. Y. 241; 33 Am. Rep. 607; *Barber* v. *F. & M. Ins. Co.*, 16 W. Va. 658; 37 Am. Rep. 800; *Chandler* v. *St. Paul F. & M. Ins. Co.*, 21 Minn. 85; 18 Am. Rep. 385; *Steen* v. *Niagara F. Ins. Co.*, 89 N. Y. 315; 42 Am. Rep. 297; *Killips* v. *Putnam F. Ins. Co.*, 28 Wis. 472; 9 Am. Rep. 506; May on Insurance, sec. 479.)

"In *Steen* v. *Niagara F. Ins. Co.*, 89 N. Y. 299, the policy contained two similar conditions, and the court, in construing them, said: 'We think the intention of the defendant was to give the insured a full period of twelve months, within any part of which he might commence his action, and having, by postponement of the time of payment, secured itself from suit, it did not intend to embrace that period within the term after the expiration of which it could not be sued. In other words, the parties cannot be presumed to have suspended the remedy, and provided for the running of the period of limitation during the same time. Indeed, the actual case is stronger; not only was the remedy postponed, but the liability even did not exist at the time of the fire, nor until it was fixed and ascertained according to the provisions of the policy. Having thus made the

doing of certain things, and a fixed lapse of time thereafter, conditions precedent to the bringing of an action, the parties must be deemed to have contracted in reference to a time when the insured, except for that contract, might be in a condition to bring an action. Under any other construction, the two conditions are inconsistent with each other.' "

This case is distinguishable from *Garido* v. *American Cent. Ins. Co. of St. Louis*, 8 West Coast Rep. 180, in which the plaintiff had ample time after his right of action accrued to have commenced it within twelve months after the loss occurred.

In this case it was more than twelve months after the fire before an action could be commenced. We must concede, however, that *Garido* v. *American Cent. Ins. Co.*, *supra*, is not altogether in harmony with the cases which we follow in this case.

Under the construction which we give to the policy, we think the complaint states a cause of action not barred by the provisions of the policy; and the evidence is sufficient to justify the verdict of the jury.

Judgment and order affirmed.

McFARLAND, J., and THORNTON, J., concurred.

Hearing in Bank denied.