[Civ. No. 908.   First Appellate District.—February 16, 1912.]

## MILLIE FITZPATRICK, Appellant, v. THE NORTH AMERICAN ACCIDENT INSURANCE COMPANY, a Corporation, Respondent.

**Accident Insurance—Limitation in Policy as to Time of Beginning Action—Insufficient Complaint—Judgment on Demurrer—Appeal.**—In an action by a wife upon a policy of accident insurance in favor of her husband, who died as the result of accidental injuries sustained by him, in which it appears that the policy limited the time for the commencement of the action to a period of twelve months from the date of the accident, and that the action was commenced nearly thirteen months after that date, the ruling of the trial court in rendering judgment for defendant upon demurrer to the complaint, on the ground that the action was barred, must be upheld upon appeal.

**Id.—General Rule as to Limitation of Actions in Insurance Policies.** It is a settled rule that clauses in policies of insurance, limiting the time in which actions may be commenced thereon to a time shorter than that prescribed by the statute of limitations, are valid if the time limited is not in itself unreasonable.

**Id.—Rule as to Estoppel in Case of Bad Faith.**—If the company defendant had been guilty of bad faith, or such conduct as rendered it impossible to comply with the provisions of the policy, before the time limited for bringing the suit had expired, it would be estopped from relying thereon.

**Id.—Absence of Estoppel—Exaction of Proofs of Loss—Time for Action.**—There is no element of estoppel of the accident insurance company, defendant, available to the plaintiff by its merely exacting a strict compliance with the proofs of death, which were made within the time limited in the policy therefor, when there still remained ample time within which the plaintiff could bring his action.

APPEAL from a judgment of the Superior Court of Alameda County.   T. W. Harris, Judge.

The facts are stated in the opinion of the court.

George Ingraham, for Appellant.

J. Rollin Fitch, for Respondent.

KERRIGAN, J.—This is an action upon a policy of accident insurance issued by the defendant on May 13, 1908, in favor of Roger Fitzpatrick, the husband of plaintiff. On January 23, 1909, the insured died as the result of injuries received on the eighteenth day of January, 1909. The defendant refused payment, and the plaintiff commenced her suit to recover on the policy on February 16, 1910, nearly thirteen months from the date of the receipt of the injury resulting in the death of the insured.

The policy (which is attached to the complaint and made a part thereof) provides that the defendant shall be notified in writing, within ten days, of any injury to the insured covered by the policy; that proof of claim must be made within two months after the death or end of the disability, and that suit thereon must be brought within twelve months from the date of the accident.

To the complaint setting forth the facts of the case defendant interposed a general demurrer, which was sustained on the ground that the cause of action was barred by reason of the suit not having been commenced within the time prescribed in the policy, namely, within twelve months from the date of the accident. This appeal is prosecuted from the judgment entered upon the sustaining of the demurrer.

The action of the trial court must be upheld. It is a settled rule that clauses in policies of insurance, limiting the time in which actions may be commenced thereon to a time shorter than that prescribed by the statute of limitations, are valid. (4 Joyce on Insurance, sec. 3181; *Tebbets* v. *Fidelity & Casualty Co.*, 155 Cal. 137, [99 Pac. 501].) The provision in this policy, limiting the time within which suit might be brought, is free from ambiguity; and it must be held that, the action having been commenced nearly thirteen months after the occurrence of the accident, was under the express terms of the policy too late.

The authorities supporting this view are numerous. The latest judicial expression on the subject in this state is to be found in the case of *Tebbets* v. *Fidelity & Casualty Co.*, 155 Cal. 137, [99 Pac. 501]. There the policy provided that proof of death of the insured must be furnished the company within two months after its occurrence, and that legal proceedings for recovery under the policy might not be brought before the

expiration of three months from the date of filing proofs at the company's office, nor brought at all unless begun within six months from the time of death. There the supreme court held (Mr. Justice Henshaw writing the opinion) that the demurrer interposed to the complaint was properly sustained, observing: "The general rule, supported by the great weight of authority, is that a condition in a policy of insurance, providing that no recovery shall be had thereon unless suit be brought within a given time, is valid, if the time limited be in itself not unreasonable." Later on, in the opinion the court further said: "The six months' period was not itself unreasonable. It began to run from the date of the death, and was not affected by the provision that legal proceedings could not be brought before the expiration of three months from the date of filing proofs." In addition to the authorities there cited, see *Garido* v. *American Central Ins. Co. of St. Louis* (Cal.), 8 Pac. 512, [8 West Coast Rep. 180]; *Kettenring* v. *N. W. Masonic Aid Assn.*, 96 Fed. 177; *Provident Fund* v. *Howell*, 110 Ala. 508, [18 South. 311]; *Paul* v. *Fidelity & Casualty Co.*, 186 Mass. 413, [104 Am. St. Rep. 594, 71 N. E. 801]; *Travelers' Ins. Co.* v. *Cal. Ins. Co.*, 1 N. D. 151, [8 L. R. A. 769, 45 N. W. 703].

If the company had been guilty of bad faith, or such conduct as rendered it impossible to comply with the provisions of the policy before the time limited for bringing suit had expired, it would be estopped from relying thereon. (4 Joyce on Insurance, sec. 3220.) But merely exacting a strict compliance by plaintiff with the requirements of the policy as to when proof of death should be made is no ground for charging the insurer with causing delay when, as in this case, the necessary proofs were made within the time limited therefor in the policy, and there yet remained ample time in which the insured could bring his action. There is therefore no element of estoppel available to the appellant.

*Case* v. *Sun Ins. Co.*, 83 Cal. 473, [8 L. R. A. 48, 23 Pac. 534], cited by appellant, is not in conflict with this view. There the policy provided that any action thereunder must be brought within twelve months next after the occurrence of a fire, and no adjusted claim was payable until sixty days after full completion by the assured of all requirements contained in the policy. In that case it was alleged and proved

that a strict compliance with all the requirements of the policy was exacted by the company, and that the assured complying therewith as rapidly as he could was unable to do so fully until nearly fourteen months after the fire. This certainly was, in the language of *Hart* v. *Citizens' Ins. Co.*, 86 Wis. 77, [39 Am. St. Rep. 877, 21 L. R. A. 743, 56 N. W. 332], "a clear case of estoppel. The company by its own act had postponed the time when a cause of action accrued until after the limitation had run, and should be clearly denied the right to rely upon the limitation."

The plaintiff in the case at bar had ample time after the right accrued within which to bring the action on the policy, and no equitable circumstance is pleaded to take the case out of the operation of the limitation clause.

The judgment is affirmed.

Hall, J., and Lennon, P. J., concurred.