[L. A. No. 6038.   Department One.—September 8, 1920.]

JOE BEESON, Respondent, v. NATHAN SCHLOSS et al.,
Appellants.

[1] APPEAL—INSUFFICIENCY OF EVIDENCE—LACK OF SPECIFICATIONS.—
On appeal from a judgment in an action to recover commissions
alleged to be due for services under a written contract, the con-
tention that the finding that the six months' limitation fixed by
the contract within which action must be brought is without sup-
port in the evidence cannot be considered where the bill of ex-
ceptions contains no specifications of particulars wherein the evi-
dence is insufficient to justify any of the findings.

[2] ID.—ORDER DENYING NONSUIT — REVIEW OF EVIDENCE — LACK OF
SPECIFICATIONS.—On appeal from such a judgment the sufficiency
of the evidence to support an order denying a motion for a non-
suit may be reviewed where the evidence is brought up by a bill
of exceptions, although it contains no specifications either as to
the sufficiency of the evidence or as to errors of law, and no
formal exception to the order is necessary in order to authorize
such review.

[3] ID.—ACTION FOR COMMISSIONS — CONTRACTUAL LIMITATION — DE-
NIAL OF NONSUIT — UNREASONABLENESS OF LIMITATION — SUFFI-
CIENCY OF EVIDENCE—REVIEW ON APPEAL FROM JUDGMENT.—Where
in an action for commissions alleged to be due for services under
a written contract, the court, in advance of the trial on the merits,
heard the question of the bar of the action by the contractual
limitation set up in defense, and at the close of the evidence
denied a motion for a nonsuit and proceeded to a trial on the
merits, the question as to whether or not there was any substan-
tial evidence to support the conclusion that the limitation was
unreasonable, is reviewable on appeal from the judgment.

[4] STATUTE OF LIMITATIONS—FIXING OF SHORTER PERIOD—CONTRACT.
The parties to a contract may stipulate therein for a period of
limitation shorter than that fixed by the statute of limitations,
and such stipulation violates no principle of public policy, pro-
vided the period fixed be not so unreasonable as to show imposi-
tion or undue advantage in some way.

[5] CONTRACT FOR PERSONAL SERVICES—LIMITATION OF TIME FOR RE-
COVERY—NONRESIDENCE OF EMPLOYERS—INSUFFICIENT EVIDENCE OF
UNREASONABLENESS OF LIMITATION.—A clause in a contract of em-
ployment that an action for commissions for services must be
brought within six months after statement rendered by employers
is not made unreasonable by reason of the fact that the employers
were at all times nonresidents of this state and had no property
herein subject to attachment.

[6] ID.—LIMITATION NOT UNREASONABLE AS A MATTER OF LAW.—A clause in a contract of employment that an action for commissions for services must be brought within six months after statement rendered is not unreasonable as a matter of law.

[7] ID.—DELAY IN BRINGING ACTION — EVIDENCE — TIME LIMITATION NOT UNREASONABLE.—A time limitation of six months for the bringing of an action to recover under a written contract of employment is not rendered unreasonable by evidence that the delay in bringing such action within the time was due to the fact that the employee was waiting until a sufficient debt to the employers had accrued in this state to justify an attachment, and the further fact that the employee was unable to obtain the data as to the exact amount due him within such time.

[8] PRINCIPAL AND AGENT—RECOVERY OF COMMISSIONS—IGNORANCE OF AMOUNT—KNOWLEDGE OF PRINCIPAL—RIGHT OF AGENT.—When an agent claims commissions from his principal and he does not know the exact amount thereof, but the principal knows and refuses to inform him, he may sue the principal, alleging the amount he believes to be due him, and ask for an accounting between them and for judgment for the amount alleged to be due, and in such action he may attach the property of the principal for such amount.

[9] CONTRACT OF EMPLOYMENT—RUNNING OF CONTRACTUAL PERIOD OF LIMITATION OF ACTION.—Where a contract of employment provided that statements of account rendered by employers should be deemed correct unless objected to within ten days after rendition, and that suit to recover compensation must be brought within six months after such rendition, the running of the limitation period did not depend upon the correctness of the account, in the absence of fraud or bad faith.

[10] ESTOPPEL—REBUTTAL OF ANSWER—FINDING.—While it is not necessary to plead an estoppel arising against a claim made in the answer, it is necessary in order that the plaintiff may avail himself thereof and obtain a judgment based thereon, that the court should make a finding thereof.

APPEAL from a judgment of the Superior Court of Los Angeles County. Russ Avery, Judge. Reversed.

The facts are stated in the opinion of the court.

Bicksler, Smith & Parke for Appellants.

Jarrott & Jarrott and Jas. S. Crail for Respondent.

8. Right of agent to file bill against principal for accounting, note, **Ann. Cas.** 1914B, 1028.

SHAW, J.—The defendants appeal from a judgment in favor of the plaintiff.

The complaint sets forth a cause of action for the recovery of commissions alleged to be due from the defendants to the plaintiff for services rendered by the plaintiff to the defendants as traveling salesman, under a written contract between the parties. The defendants are partners doing business under the name of Schloss Bros. & Co. By the terms of the contract the plaintiff was employed to solicit orders for the defendant at prices and terms to be stated by them and in so doing to travel for such time and cover such territory as defendants should direct. Plaintiff was to receive seven per cent on the net amount of the sales, being the difference between the gross amount of the accepted sales and certain deductions which the contract provided should be made therefrom. The contract was originally made on September 18, 1913, and covered the period from May 1, 1913 to April 30, 1914. It provided that it was renewable on like terms and conditions for periods of one year, provided both parties so desired and gave notice thirty days before the expiration of such year. It was so renewed for the years including 1914 and 1915, and ending April 30, 1916. The original complaint, filed June 2, 1917, alleged that $10,903.51 was due to the plaintiff from the defendants on account of commissions earned under said contract. The first amended complaint, filed February 21, 1918, alleged the balance due plaintiff to be $14,510.16.

In addition to denials of the allegations as to the money due and services performed, the defendants pleaded that the action was barred by a contractual limitation contained in the contract of employment. This clause of the contract was as follows:

"The place of this contract is expressly agreed to be the executive offices of said Schloss Bros. & Co., at Baltimore, Md., and whenever said Schloss Bros. & Co. shall render the said salesman a statement of his account, the said statement shall be deemed to have been correct in all particulars, and so accepted as final and binding on said salesman, his heirs and assigns, unless written objections thereto be filed within ten days after the rendering of said statement, and the said Schloss Bros. & Co. shall not be liable, nor shall any

suit or proceedings of any kind be brought against Schloss Bros. & Co. after the lapse of six months from the rendering of any of said statements.''

· The answer alleged that on May 25, 1916, defendants delivered to plaintiff a full, true and complete statement of all sales, commissions, drawings, and charges, and the amount owing to or payable by said plaintiff prior to said date and for the spring season of 1916; that said statement covered all credits and commissions to plaintiff and all charges against plaintiff under the contract prior thereto, and that no suit or proceedings of any kind was brought against the defendants on any claim of the plaintiff for commissions earned during the time covered by said statements within the period of six months from the receipt thereof by the plaintiff.

The court made findings to the effect that the defendants on May 25, 1916, delivered to plaintiff a statement of his account as alleged in the answer, and that no suit or proceeding of any kind was brought against the defendants for his said claim within the period of six months from the receipt by him of said statement. The conclusion of law was that the plaintiff was entitled to judgment for the full amount of his claim and judgment was entered accordingly. This conclusion and judgment were evidently based on finding V, to the effect that the six months' limitation fixed by the contract was unreasonable.

The defendants contend that the conclusion or finding that six months is an unreasonable time within which to begin the action is without support in the evidence.

[1]  The bill of exceptions contains no specifications of particulars wherein the evidence is insufficient to justify any of the findings. ''The question of the sufficiency of the evidence to sustain the findings cannot be considered on appeal from the judgment where the bill of exceptions relied on contains no specifications of the insufficiency of the evidence.'' (*Millar* v. *Millar,* 175 Cal. 799, [Ann. Cas. 1918E, 184, L. R. A. 1918B, 415, 167 Pac. 394, 395]; *Carter* v. *Canty,* 181 Cal. 749, [186 Pac. 346].) Consequently, we are unable to consider the point that the evidence in the case does not sustain the finding.

[2]  The rule is equally well settled, however, that a decision denying a motion for nonsuit presents the question

whether or not there is any evidence to support it and that this is a question of law which may be reviewed on appeal from the judgment, where the evidence is brought up by a bill of exceptions, although it contains no specifications either as to the sufficiency of the evidence or as to errors of law. (*Shadburne* v. *Daly*, 76 Cal. 355, [18 Pac. 403]; *Barfield* v. *South Side Irr. Co.*, 111 Cal. 119, [43 Pac. 406], disapproving the remark to the contrary in *Miller* v. *Wade*, 87 Cal. 411, [25 Pac. 487], and approving *Shadburne* v. *Daly, supra; Martin* v. *Southern Pac. Co.*, 150 Cal. 124, 131, [88 Pac. 701]; *Carter* v. *Canty, supra.*) Some of the decisions say that the bill must show an exception to the decision in order to authorize a review thereof, but the code now provides that a decision denying a motion for nonsuit is deemed to be excepted to. (Code Civ. Proc., sec. 647.) Hence, a formal exception is now unnecessary.

[3] At the opening of the trial the attention of the court was called to the contractual limitation set up in defense and at the request of the parties the court proceeded to try, in advance of the trial on the merits, the question of the bar of plaintiff's action by reason of said limitation. Upon this issue evidence was introduced by the parties and thereupon the defendants moved for a nonsuit on the ground that it appeared from the evidence introduced that the contract contained the clause above noted, that more than six months before the suit was begun the defendants had delivered to plaintiff a statement of his account for commissions under said contract, and that consequently the plaintiff's action was barred. This motion was denied and the court thereupon proceeded to a trial of the case on the merits. This presents the question whether or not there is any substantial evidence to support the conclusion that the limitation was unreasonable.

We are satisfied that the motion for nonsuit should have been granted.

[4] It is a well-settled proposition of law that the parties to a contract may stipulate therein for a period of limitation, shorter than that fixed by the statute of limitations, and that such stipulation violates no principle of public policy, provided the period fixed be not so unreasonable as to show imposition or undue advantage in some way. (*Tebbetts* v. *Fidelity etc. Co.*, 155 Cal. 137, [99 Pac. 501];

*Case* v. *Sun Ins. Co.*, 83 Cal. 473, [8 L. R. A. 48, 23 Pac. 534] ; *Fitzpatrick* v. *North American etc. Co.*, 18 Cal. App. 266, [123 Pac. 209] ; *Garido* v. *American Ins. Co.*, 2 Cal. Unrep., 560, [8 Pac. 512] ; 1 Wood on Limitations, 4th ed., 145 ; 25 Cyc. 1017.)

[5] In making its ruling denying the nonsuit the court below put it on the ground that the limitation was unreasonable because of the fact that the plaintiff could not get jurisdiction of defendants by personal service of process in California. This was not a sufficient reason. The contract shows that the defendants were residents of Maryland when it was made. There was no agreement that they should ever become residents of California. It must therefore be assumed that the plaintiff understood that if he desired to recover a personal judgment against the defendants it would be necessary for him to bring his action in the state of Maryland, unless he was fortunate enough to find some one of the defendants in some other state within the period of limitation fixed. It cannot be supposed that the parties contemplated or intended that the six months should not begin to run with respect to an action in any other state than Maryland until some one of the defendants should enter the other state so that summons could be there served upon him. To give the contract such effect would be to practically destroy the limitation entirely. The facts that the services of plaintiff were chiefly performed in California; that plaintiff never resided in Maryland; that he resided in California when the cause of action accrued and has resided in Illinois ever since June 1, 1916, do not appear to us sufficient to show that the six months' limitation was unreasonable. The courts of Maryland were open to plaintiff and he could have sued there at any time, as the contract implies that he should if he desired a personal judgment; and the courts of California were available at all times for an attachment suit to reach property of defendants here, in case any could be found. Neither the law nor the contract required the defendants to hold property in this state or elsewhere to afford plaintiff a remedy by attachment. We are aware of no decision declaring that such a limitation does not begin to run in any state until the plaintiff can attach property in such state and thereupon obtain constructive service on the defendants

by publication of summons. The ground upon which the court below ruled, is, in our opinion, wholly untenable.

[6] The limitation of six months was not unreasonable as a matter of law. In *Tebbetts* v. *Fidelity etc. Co.*, 155 Cal. 137, [99 Pac. 501], it was held that a period of three months was not in itself unreasonable. Numerous cases to the same effect may be found in note 18 on the subject in 10 Corpus Juris, at page 344. (See, also, 1 Cyc. 281; 19 Cyc. 906; 25 Cyc. 910.)

It is claimed that the circumstances shown by the evidence render the time unreasonable. We will state them as briefly as possible. The defendants notified plaintiff in January, 1916, that the contract would be terminated on March 14, 1916. On January 12, 1916, they rendered him a statement of his account up to that date which he immediately challenged as incorrect. On May 25, 1916, they rendered another statement also showing nothing due to him. This he also objected to. It was admitted that the only difference between them related to commissions due on large sales of clothing made by the defendants to Foreman & Clark, a firm of clothiers doing a large business, with stores in Los Angeles, Chicago and several other cities, whose trade had been secured to them by the plaintiff. Some of these sales were negotiated by the plaintiff at their respective stores and others at Baltimore, Maryland, by some representative of Foreman & Clark. The contract provided that, unless it was specially so agreed in writing, the plaintiff should not be entitled to commissions on sales known as "jobs" or on goods sold at less than "regular selling prices." The defendants claimed that almost all the goods sold to that firm came within one or the other of these classes and made out their statements accordingly. The plaintiff was employed by that firm as manager of its Chicago house from and after April 1, 1916, and at that date he left his former residence in Los Angeles and thereafter resided in Chicago. On March 1, 1916, he made out a statement of his accounts, which he left with his attorney there during that month, directing him to bring suit on it against defendants and attach the account of Foreman & Clark with defendants when advised that their account with defendants was large enough to satisfy his

claim. This did not occur until some time in May, 1917, and this action was not begun till June 2, 1917. Said statement of March 1, 1916, was for a balance due him of $10,903.51, and was the one set forth in the first complaint herein. The account sued on contained as credits to defendant a note of $3,495, which he owed them, and $18 for an overcoat, both of which were in some manner satisfied before the first amended complaint was filed and they were not mentioned therein. Without these credits the balance due plaintiff by the original complaint would have been $14,416.51, only $93.65 less than shown in the first amended complaint. The second amended complaint, filed on June 4, 1918, the day before the trial begun, showed a balance of only $12,894.82, which was $1,485.69 less than in the original complaint. The charge on account of sales of the spring and summer season of 1916 was $2,273.46 more, and for the fall and winter of 1915, $3,866.25 less in the original complaint than in the last one. Plaintiff testified that it took him "several months" to get the data to show how much had been sold by defendants to Foreman & Clark through his instrumentality. He began this work in Chicago "immediately" upon arriving there. During April and May, 1916, the parties were endeavoring to settle the differences by arbitration. This plan was abandoned some time in June or July of 1916. During all the period from April 1, 1916, to May, 1917, he was also trying to ascertain whether or not Foreman & Clark owed enough to defendants to justify an attachment. In March, 1916, he advised with his attorney about bringing suit in Maryland. About June 1, 1918, he obtained the further information on which his last amended complaint was made. These are the facts as shown by the entire record.

[7] These conditions did not prevent the bringing of a suit within the six months beginning May 25, 1916, nor make it at all difficult to do so. The cause of action had accrued at least as early as May 1, 1916, and the plaintiff had concluded in March, 1916, that an action was necessary. As we have said, the courts of Maryland were open to him at all times thereafter and the courts of California were also available. He could await the accrual of a sufficient debt from Foreman & Clark to defendants after the action was

begun, as well as before. He would have three years for that purpose, unless the defendant appeared without having been served with summons. (Code Civ. Proc., secs. 581a, 583.) It was not necessary for him to delay his action for the purpose of ascertaining the exact state of the account. The relation between the parties was that of principal and agent. [8] Under the decisions in this state when an agent claims commissions from his principal and he does not know the exact amount thereof, but the principal knows and refuses to inform him, he may sue the principal, alleging the amount he believes to be due him, and asking for an accounting between them and for judgment for the amount alleged to be due, and in such action he may attach the property of the principal for such amount. (*De Leonis* v. *Etchepare,* 120 Cal. 409, [52 Pac. 718]; *Kohler* v. *Agassiz,* 99 Cal. 16, [33 Pac. 741]; *Hallidie* v. *Enginger,* 175 Cal. 509, [166 Pac. 1].) It might have been necessary, of course, for him to have taken the depositions of the defendants in Maryland, as the record shows he did. It further shows that it was by this means that he discovered the data on which he stated the account in the last amended complaint. But if further time would have been necessary to do so, in case he had begun the action within the six months, it would have been good cause for a continuance and it must be presumed that it would have been granted on application. And if such depositions had shown the advisability of amending his complaint, as it appears they did, that fact would have required the court to allow the appropriate amendment if the suit had been commenced earlier, just as it did in the present action, begun a year after the six months began to run. It is certain, therefore, that the plaintiff, if he had begun his action in time, would have had the same facilities for pleading and proving his case as he had in the action begun some five months too late.

The plaintiff further claims that the defendants' statements of account were false and that they concealed from the plaintiff the facts constituting his claim against them, which were known to them but unknown to him. They contend, first, that the contract by its terms requires that statements furnished by defendants as therein specified shall be correct in fact in order to set the limitation in motion;

second, that by the rendition of a false statement they are
estopped from setting up the claim that the six months'
period began to run at that time. [9] We cannot agree
to the proposition that under the terms of the contract the
six months' period does not begin to run at all unless the
statement of account is absolutely correct. It implies the
contrary, for it provides that it shall be deemed to be cor-
rect, unless written objections thereto be filed within ten
days after the rendition thereof. It is evident that it con-
templated differences between the parties with respect to the
amount due thereon, and this implies that it was not in-
tended that a correct statement should be absolutely neces-
sary in order to make the limitation of any effect. It may
be conceded that the rendition of a willfully false statement
for the purpose of hindering the plaintiff in the bringing
of his action might create an estoppel against the defend-
ants, preventing them from availing themselves of the con-
tractual bar. It is not necessary to decide this question.
There is no evidence that the statements were willfully
false or were rendered in bad faith. They showed no bal-
ance in favor of the plaintiff. But the defendants still
earnestly contend that they owe him nothing. The prin-
cipal part of the trial was consumed in an effort by them
to establish this claim and by the plaintiff to controvert it.
Upon this appeal the larger part of their argument is de-
voted to the proposition that the plaintiff is not entitled to
anything on account of the sales to Foreman & Clark, ex-
cept that which the defendants' statements allowed him.
Moreover, this presents a question of estoppel. In order
that the party may avail himself of an estoppel it is
ordinarily necessary to plead it. In this case the estoppel
arises against a claim made by the defendant in his an-
swer which is deemed to be controverted and in such a case
it is not necessary to plead the estoppel. [10] But in
order that the plaintiff may avail himself thereof and ob-
tain a judgment based thereon it is necessary that the
court should make a finding thereof. (*Blood* v. *La Serena
etc. Co.*, 113 Cal. 229, 230, [41 Pac. 1017, 45 Pac. 252];
*Young* v. *Blakeman*, 153 Cal. 484, [95 Pac. 888].) The
findings contain nothing on that subject and it is obvious
that the court below did not attempt to decide the ques-

tion.    For these reasons we think there is no merit in this argument for the plaintiff.

The conclusion that the action was barred by the contractual limitation renders it unnecessary to consider other errors assigned by appellants.

The judgment is reversed.

Lawlor, J., and Olney, J., concurred.

Hearing in Bank denied.

All the Justices concurred.