[S. F. No. 13062. In Bank.—July 18, 1929.]

R. A. PERRY, Respondent, v. O. M. MAGNESON, Defendant; UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Appellant.

C. L. Colvin and Thomas, Beedy, Presley & Paramore for Appellant.

F. Eldred Boland and Knight, Boland & Christin for Respondent.

WASTE, C. J.—The defendant United States Fidelity and Guaranty Company, a corporation, appeals from a judgment entered against it and in favor of the plaintiff, R. A. Perry, on a bond executed by it, conditioned upon the performance of a building contract by the defendant O. M. Magneson.

On June 10, 1910, plaintiff and defendant Magneson entered into a contract whereby the defendant agreed to construct a residence and garage for the plaintiff in accordance with certain plans and specifications, and to furnish all labor and materials necessary for such construction, at the agreed price of $23,567, the building to be completed within a designated period of time. Concurrently with the execution of the contract, the defendant Surety Company executed and delivered to plaintiff its bond in the penal sum of $6,000, agreeing to indemnify plaintiff for any pecuniary loss resulting from the breach of any of the terms and conditions of the contract by the defendant contractor. Magneson breached the contract by abandoning the work on February 11, 1911. On notification of the abandonment the Surety Company declined to take any steps in connection with the contract, and the work was completed by the plaintiff-owner, who thereafter instituted this action to recover on the bond. The prayer of the amended complaint was for the sum of $6,000, and costs. Judgment was given in favor of the plaintiff and against the Surety Company in the full penal amount of the bond, with interest at the rate of seven per cent from October 16, 1911, the date of the commencement of the suit, aggregating $12,834.32, together with interest thereon from the date of judgment until paid, and costs. No judgment was rendered against defendant Magneson, he having been previously adjudged a bankrupt.

It appears that after the completion of the building by the owner many lien suits were filed. As the determination of the action to recover on the bond was somewhat dependent upon the outcome of the lien cases, it was agreed between counsel for the respective parties hereto that the trial of this action should be postponed until the lien suits were finally determined. They therefore entered into a stipulation on

November 30, 1915, that this case should be dropped from the calendar, to be restored on five days' notice by either party. The judgment in the lien cases, after two appeals, became final in June, 1919. Shortly thereafter the present cause was set for trial, and was continued from time to time until November, 1922, when the trial actually commenced. Judgment was ordered for the plaintiff, The Surety Company's motion for a new trial was granted, and on April 30, 1926, the second trial commenced, at which time the Surety Company objected to proceeding with the case, and moved to dismiss the action for want of prosecution, the same objection and motion having been made prior to the commencement of the first trial. The motion to dismiss was denied, and judgment in favor of the plaintiff was entered on January 28, 1928.

Appellant contends that, more than five years having elapsed between the time of the filing of the answers to plaintiff's amended complaint and the date when the trial of the action commenced, and the parties not having entered into a written stipulation extending the time, its motion to dismiss should have been granted under the provisions of section 583 of the Code of Civil Procedure. (*Miller & Lux, Inc.,* v. *Superior Court,* 192 Cal. 333 [219 Pac. 1006].)

The mere lapse of five years between the filing of the answer and the date of the trial does not deprive the court of jurisdiction to thereafter try the case. The only relief granted under section 583, *supra,* by our decisions has been to require, on proper showing, that an order of dismissal be entered. (*Rio Vista Min. Co.* v. *Superior Court,* 187 Cal. 1, 5, 6 [200 Pac. 616].) If the court fails to grant that relief, two remedies are available to the injured party. He may, by *mandamus* directed against the trial court, compel the dismissal (*Andersen* v. *Superior Court,* 187 Cal. 95, 97 [200 Pac. 963]), or, by noting an exception to the ruling of the court and properly presenting the same by means of a bill of exceptions, he may have the order reviewed upon an appeal from the judgment. The appellant took neither of these steps. The order refusing to dismiss the action is not itself an appealable order, and is not one deemed excepted to under section 647 of the Code of Civil Procedure. No exception having been taken at the time the decision was made, it will be presumed that the

appellant acquiesced in the ruling of the court, and the objection cannot now be urged on appeal. (*Davies* v. *Ramsdell*, 40 Cal. App. 424, 427 [181 Pac. 94].)

■ The contractor's bond provided that in no event should the surety be subject to any suit, action or other proceeding thereon that was instituted later than the thirteenth day of June, 1911. It is the contention of the appellant, therefore, that this action is barred by the fact that suit was not instituted until October 16, 1911. In this connection, the trial court found that immediately upon the abandonment of the contract by Magneson, and within thirty days after knowledge of his default, the plaintiff, in writing, as provided in the bond, notified the United States Fidelity and Guaranty Company of the fact, showing the abandonment by Magneson; that the Guaranty Company declined to assume and complete or procure the completion of the contract, but accepted the notice and "thereupon agreed to and with plaintiff to waive the requirements of said bond that suit be commenced thereon on or before the 13th day of June, 1911, and agreed to and with plaintiff to pay to plaintiff the amount of the liability thereunder when the exact amount of plaintiff's damage be ascertained, and further agreed to and with plaintiff that action might be commenced upon said bond at any time subsequent to said 13th day of June, 1911, when such amount of damage was ascertained." Reasonable intendments and inferences to be drawn from the evidence support the finding. ■ The provision for the limitation of time for the commencement of suit upon the bond was no doubt reasonable in point of time under ordinary circumstances, and, had the surety merely insisted upon a strict compliance with the provision, its position here would be tenable. (*Fitzpatrick* v. *North American Acc. Ins. Co.*, 18 Cal. App. 264 [123 Pac. 209].) But the appellant here did not do that. While it declined to take any steps in connection with the contract with Magneson in relation to the completion of the building when the contractor abandoned the work, it notified the plaintiff in writing that it would "be ready to meet its liability, if there is any, upon the bond when the amount of that liability is finally determined." ■ We believe that agreement brings the case well within the rule that a surety cannot hold out a hope of amicable adjustment of claims and thus

delay action against it, and then plead the delay caused by its own conduct as a defense to the action when brought. (14 R. C. L. 1423; *Thompson* v. *Phoenix Ins. Co.*, 136 U. S. 287, 34 L. Ed. 408, 413, 10 Sup. Ct. Rep. 1019].)

The trial court found that after Magneson abandoned the work the plaintiff completed the building according to the plans and specifications, and at the reasonable cost of $16,926.74. The appellant challenges this finding, and contends that it is clearly contrary to the evidence. In considering this contention, it is but necessary for us to say that there is evidence from which both parties to the controversy may argue in support of their respective positions, for the evidence is conflicting in this regard. The inferences to be drawn, and what conclusion the evidence warranted, were matters for the trial court, and its findings preclude the necessity for any inquiry into that subject.

The trial court also found that plaintiff suffered a pecuniary loss in the sum of $10,055.03 by reason of Magneson's breach of the contract, and that he was entitled to judgment against the appellant surety for the full penalty of the bond, $6,000, with interest thereon at seven per cent per annum from October 16, 1911, the date of the commencement of the action. Judgment was entered accordingly. Appellant contends that in no event was plaintiff entitled to recover interest prior to the date judgment was given in his favor. It advances two reasons for this contention: First, that the damages sought to be recovered in the action were uncertain and unliquidated; and, second, the complaint did not pray for interest. As to the latter point, under the liberal rule prevailing in this jurisdiction, where an answer is filed the court may, after the trial, grant any relief consistent with the case made by the complaint and embraced within the issues. (Code Civ. Proc., sec. 580.) It may, therefore, render a judgment for interest, though not prayed for. (14 Cal. Jur., p. 691, par. 15.)

As to the time from which interest on the amount found due should have been allowed, respondent asserts that the trial court was correct in awarding interest from the date of the commencement of the suit, on the theory that the action was not one for damages but was upon an obligation to pay a sum certain, which obligation must be treated as any other instrument calling for the payment of

money. The general rule is that interest is allowable from the time the sum in suit becomes due, if the sum is certain or can be made certain by calculation. The test, then, to be applied in the instant case is whether or not the sum found to be due was known and admitted by the appellant to be due to the respondent. (*Gray* v. *Bekins,* 186 Cal. 389, 399 [199 Pac. 767].) It is apparent that, until the trial court determined the cost of completing the building, based upon the reasonable value of the necessary labor and materials, the amount, if any, due from appellant to respondent upon the bond in question could not be fixed. Had the cost to respondent not exceeded the amount specified in the building contract for the completion of the work, the surety would not have been liable in any sum. Under the terms of the bond the surety agreed to "save harmless the said Obligee [the respondent] from any pecuniary loss resulting from the breach of any of the terms, covenants and conditions of the said contract on the part of said Principal [the building contractor] to be performed." It was necessary, therefore, for the respondent to prove a loss before he would be entitled to recover on the bond; and it follows that, until the amount of that loss should be determined by the judgment of the court, the claim was uncertain and unliquidated. As was said by this court in *Cox* v. *McLaughlin,* 76 Cal. 60, 67 [9 Am. St. Rep. 164, 18 Pac. 100]: "The reason of such denial of interest is said to be that the person liable does not know what sum he owes, and therefore can be in no default for not paying. The damages in such cases are an uncertain quantity, depending upon no fixed standard, . . . and can never be made certain except by accord or verdict. As to such damages there can be no default, and hence the initial point at which to fix the starting of interest is wanting." It follows, therefore, that respondent was not entitled to interest prior to the entry of judgment, and to that extent the judgment was erroneous.

The cause is remanded, with directions to the court below to modify its judgment in favor of the plaintiff by eliminating therefrom interest from the date of the commencement of the suit, thereby reducing the amount to be recovered by plaintiff from $12,834.32 to $6,000, the full penal amount of the bond, with interest thereon at the rate of seven per cent per annum from January 28, 1928, the date of the

entry of judgment, together with costs of suit, the judgment as thus modified to stand affirmed.

Richards, J., Curtis, J., Langdon, J., Preston, J., and Seawell, J., concurred.