149 Cal.App.2d Supp. 879 (1957)
H. M. WARD, Respondent,
v.
SYSTEM AUTO PARKS AND GARAGES, INC., Appellant.
California Court of Appeals. 
Mar. 28, 1957.
 Thomas D. Mercola for Appellant.
 Virgil R. Wells for Respondent.
 BISHOP, P. J.
 Judgment was entered for $271.16 in this action in which the plaintiff sought to recover the amount that he had expended for repairs to his automobile, necessitated by careless handling of the car during the time that it was left with the defendant. [1] The defendant appeals, relying upon the fact that the action was brought more than three months after the damage was done, and so after it was barred by the terms of the written contract of bailment set forth in haec verba in the answer. The trial court found "that the purported 'contract' set forth in said Affirmative defense was never entered into by any of the parties herein; that plaintiff's automobile was parked and stored under an implied contract of bailment. ..." We are reversing the judgment because the trial court was not at liberty to make any such finding; that beyond dispute the bailment was under a written contract which contained the provision limiting the period for bringing an action to three months.
 [2] We note, preliminarily, that contracting parties may agree upon a shorter period of limitation for bringing an action than that prescribed by statute, so long as the time allowed is reasonable (Tebbets v. Fidelity & Casualty Co. (1909), 155 Cal. 137, 138- 139 [99 P. 501]; Beeson v. Schloss (1920), 183 Cal. 618, 622-624 [192 P. 292]; Olds v. General Acc. Fire etc. Corp. (1945), 67 Cal.App.2d 812, 817 [155 P.2d 676]). [149 Cal.App.2d Supp. 881] [3] Three months has been approved (see references in Beeson v. Schloss, supra, 183 Cal. 624 [192 P. 292]), and we are unwilling to state that, as a matter of law, it is unreasonably short under the circumstances of this case.
 In its "Second, Separate and Affirmative Defense" the defendant set forth at length that which it termed a contract in writing. These words of introduction preceded the contract: "[as alleged by the plaintiff he] brought into the premises of the defendant ... that certain 1954 Lincoln automobile, at which time and place Plaintiff left his said automobile with said Defendant under a contract in writing, in words and figures as follows:" In a succeeding, separate and affirmative defense the defendant alleged that if plaintiff parked his automobile with the defendant, as he claimed in his complaint, "the same was parked and stored under and by virtue of a contract, in writing, between Plaintiff and this answering Defendant, as set forth in the Second Affirmative Defense of this Answer and by this reference is incorporated herein."
 The draftsmanship of the affirmative defenses from which we have just quoted might be improved upon, but no demurrer was addressed to either of them, and we are satisfied that they sufficiently state that the parties had entered into the contract that was quoted at length. The trial court so evaluated the pleadings, or it would have had no occasion to find that the contract was never entered into by any of the parties hereto.
 Section 448 of the Code of Civil Procedure was called to the attention of the trial court, but the provisions of section 462 to the effect that new matter in an answer is deemed controverted, were deemed controlling. [4] The latter section is not controlling as to the genuineness and due execution of a written contract alleged in full in an answer. [5] The cases are legion which hold that plaintiff's failure to comply with the requirements of section 448, Code of Civil Procedure, by filing an affidavit denying the genuineness or the due execution of a written contract, set forth in an answer, is an admission thereof. Stoneman v. Fritz (1939), 34 Cal.App.2d 26, 28-31 [92 P.2d 1035, 1036-1037], is a good illustration of the cases applying the rule. It contains a review of many other cases, concluding its review with this statement: "This question is not now open for debate in California. This rule is that where the answer contains or has attached to it a copy of an instrument upon which a defense to the action is founded, if the affidavit required by section 448 of the Code of Civil Procedure is not filed, the genuineness and due execution, [149 Cal.App.2d Supp. 882] including delivery of the instrument, are admitted facts in the case. This is true under these circumstances even though neither plaintiff signed the instrument."
 "As the delivery of the two deeds to defendant was admitted by the pleadings no evidence should have been received on that question as it was not an issue in the case. Findings of fact contrary to these facts admitted in the pleadings must be disregarded. (21 Cal.Jur., 106, p. 155.)" See also Butler v. Stratton (1949), 95 Cal.App.2d 23, 29 [212 P.2d 43, 47-48]; and Sunset Milling & Grain Co. v. Anderson (1952), 39 Cal.2d 773, 778-779 [249 P.2d 24, 27-28].
 The judgment is reversed.
 Kauffman, J., concurred.
 SWAIN, J.
 I dissent. The failure of the plaintiff to file an affidavit under Code of Civil Procedure, section 448, admits only that the copy of the parking ticket alleged in the answer is a correct and genuine copy of the one issued to the plaintiff by the defendant. It does not admit its legal effect or that it is a contract. "The cases in which section 448 has been construed are numerous. The result reached may be briefly stated as follows: Where the defendant has pleaded a written instrument in defense (not by way of cross-complaint), and the plaintiff has not served and filed an affidavit denying the instrument and has offered no evidence controverting it on any ground, the instrument is to be deemed admitted and must be taken for what it appears on its face to be. But the plaintiff may controvert the instrument by evidence of fraud, mistake, undue influence, compromise, payment, statute of limitations, estoppel, and the like defenses, under section 462 of the Code of Civil Procedure." Moore v. Copp (1897), 119 Cal. 429, 432 [51 P. 630]. The plaintiff could not truthfully have made an affidavit that this was not a copy of the parking ticket he received, but he could and did dispute defendant's interpretation of the ticket.
 As to the merits, although National Auto. & Cas. Co. v. System Auto Parks, Inc. (1949) our Civil Appeal 7286, is squarely in point and calls for a reversal, it should be disapproved. It involves the validity of a provision on a parking ticket limiting to six months the time within which an action for damages could be brought. This court reversed a judgment for the plaintiff. In doing so, this court held as a matter of law that the plaintiff was bound to read the printing on [149 Cal.App.2d Supp. 883] the parking ticket and was bound by it whether he read it or not. This is not the law. It omits any consideration of the question "Would a prudent man have read the ticket?" "An offeree is not bound by the unknown terms of a document by his acceptance of the same without objection, where the document delivered to him purports to be, and would by a reasonable man be understood to be, merely a check or voucher, and not a contract, as in the case of a baggage check or receipt, as explained in Carriers 877, or an ordinary railroad ticket, as explained in Carriers 616, 617, and other receipts or papers of a similar character." 17 C.J.S. 377.
 In Merrill v. Pacific Transfer Co. (1901), 131 Cal. 582 [63 P. 915], judgment for the plaintiff was reversed because the court refused to instruct the jury that if a prudent man could and would have read the limitation of liability on a baggage check, the plaintiff was bound thereby whether he read it or not.
 Williston, in volume 1 of Contracts, page 274, (1936 rev. ed.) states: "The sole question seems to be whether the facts present a case where the person receiving the paper should as a reasonable man understand that it contained the terms of the contract which he must read at his peril and regard as part of the proposed agreement. The precise facts of each case are important in reaching a conclusion."
 The opinion in National Auto. etc. v. System Auto Parks, Inc., supra, our Civil A 7286, relies on U Drive & Tour Ltd. etc. v. System Auto Parks, Ltd. (1937), 28 Cal.App.2d Supp. 782 [71 P.2d 354]. This latter case is easily distinguishable. It deals not with a provision on a parking ticket limiting the time within which a damage action may be brought, but with a notice on the ticket that the parking lot closed at midnight. This appeared not only on the ticket but also on a sign on the parking lot. Every customer knows there is a closing time for auto parks. Furthermore, the judgment was for the defendant and was affirmed. At page 787, the court stated: "The trial court impliedly found that the circumstances disclosed afforded him a reasonable opportunity to read the printed matter thereon and accordingly that he became bound by it as a part of the bailment contract." To the contrary, in National Auto. & Cas. Co. v. System Auto Parks, Inc., supra, the trial court impliedly found that the plaintiff did not have a reasonable opportunity to read the ticket and that a reasonable person in the same circumstances would not have read it. This court reversed that judgment without mentioning or [149 Cal.App.2d Supp. 884] recognizing that what a reasonable person would do in the circumstances was a question of fact. In the case at bar, the trial court made the same implied findings favorable to respondent. We should not say as a matter of law that a reasonable person who receives a parking ticket will read the printing on the back of it to learn within what time he may sue for damages. We should recognize the fact that a trier of the facts could hold that a prudent man may consider a parking ticket merely as a means of identifying his car when he claims it.
 Sandler v. Commonwealth (1940), 307 Mass. 470 [30 N.E.2d 389, 131 A.L.R. 1170], supports this view at page 1174 [131 A.L.R.]: "It could be found to be a reasonable assumption by the plaintiff that the stub that was given him was a receipt for his automobile or a means of identifying him when he should return to get his automobile rather than a contract freeing an apparent bailee from all responsibility."
 I would affirm the judgment.
 THE COURT.
 The petition of respondent for a rehearing after judgment of this court on appeal in the above entitled case having been filed and having been duly considered,
 Said petition is hereby denied.
 Memo
 By failing to file affidavit, there was no issue of fact (that there was no contract). Oswald v. Northrop Aircraft, Inc. (1944), 62 Cal.App.2d 824, pp. 827, 828 [145 P.2d 635].
 SWAIN, J.
 I would grant a rehearing.