[Civ. No. 25500. Second Dist., Div. One. Oct. 16, 1961.]

LEUNG N. JEW et al., Appellants, v. PACIFIC EMPLOYERS *INSURANCE COMPANY* (a Corporation), Respondent.

Hiram W. Kwan and James S. Yip for Appellants.

Burton A. Van Tassel and Nicholas, Kolliner & Van Tassel for Respondent.

WOOD, P. J.—This is an action against the surety on a building contractor's bond. Plaintiffs appeal from a summary judgment in favor of the defendant surety.

The complaint alleged that on August 12, 1957, plaintiffs entered into a written agreement with the J. W. Janes Construction Company whereby that company agreed (1) to construct a building for plaintiffs according to certain plans and specifications for $61,717, and (2) to complete the work within a reasonable time; that to secure the faithful perform-

ance of the agreement, the company, as principal, and the defendant, as surety, executed their bond in said amount for the benefit of plaintiffs; the construction company failed to faithfully perform the building contract; about January 2, 1959, the Sullivan Electric Company commenced an action against the plaintiffs herein and the construction company for goods delivered and services rendered; in that action the plaintiffs herein filed a cross-complaint against the construction company to recover damages in the amount of $30,000 for the negligent manner in which the company constructed the building, and for its failure to complete the building within a reasonable time; it was adjudged therein that plaintiffs herein recover $23,224.34 and costs from the construction company as damages for the faulty, negligent, unskillful, and delayed performance of the building contract; the judgment, which was entered on March 1, 1960, remains wholly unpaid; by reason thereof, the defendant, as surety, is liable to plaintiffs on said bond for the amount of the unpaid judgment.

In the present action the defendant insurance company admitted, in its answer, that the construction company failed to faithfully perform the contract, and the plaintiffs herein obtained said judgment against the construction company; and the defendant herein denied that it is liable for the payment of the judgment or any other amount. Defendant alleged, as a separate defense, that plaintiffs' action herein was not instituted within the time required by provisions of the bond.

In support of its motion for a summary judgment, the defendant filed an affidavit of its attorney, Mr. Van Tassel. That affidavit was in substance, as follows: The copy of the bond attached to the complaint is a correct copy of the contract bond executed by the defendant. The coverage provided in the bond was subject to conditions, one of which (fifth condition) was, as follows: "That no suit, action or proceeding to recover on this bond shall be sustained unless the same be commenced within six months from the completion of said structure or work of improvement, as 'completion' is defined in Section 1193.1 of the Code of Civil Procedure of California. Any notice to the Surety may be addressed to or served upon it at its office at 1033 So. Hope Street, Los Angeles, California." On August 28, 1958, a notice of completion, executed by plaintiffs, was recorded in the office of the Recorder of Los Angeles County, a copy of which notice is attached to the answer of defendant. On September 9, 1960,

defendant served upon plaintiffs interrogatories to be answered by plaintiffs. The answers to the interrogatories were received by the affiant on November 23, 1960. In those answers, the plaintiffs admit ''the occupancy and use of their building since September of 1958,'' and they admitted therein that the last work performed upon their building by the construction company or any of its contractors was performed in April 1959. Plaintiffs' action was not instituted until April 22, 1960, and accordingly was not commenced within six months from completion of the building.

In opposition to the motion, Mr. Jew stated in his affidavit, as follows: That although he executed the notice of completion, a copy of which is attached to defendant's answer, and although he did occupy and use the building since September 1958, he had done so with the understanding and assurance that the major defects existing in the building would be corrected by the construction company. Attempts to correct the defects were made by the company and its subcontractors to and including April 1959, or more than six months after the notice of completion was recorded and more than six months after occupancy and use of the building by affiant. Subsequent to the recording of the notice of completion on August 28, 1958, and to the occupancy and use of the building in September 1958, various claims and mechanics' liens were filed against affiant's property by subcontractors. Defendant had notice of the claims and liens, and it had assured affiant that all claims and liens would be taken care of to the satisfaction of affiant. Defendant ultimately compromised and settled said claims and liens by April 1959, or more than six months after the notice of completion was recorded and more than six months after the occupancy and use of the building by affiant. In the meantime, about January 12, 1959, the Sullivan Electric Company, a subcontractor, commenced an action against affiant and the construction company for goods delivered and services performed. Affiant filed a cross-complaint against the construction company on January 22, 1959, and served it on that company, within six months of the recordation of the completion notice and within six months of the occupancy and use of the building by affiant. Defendant had notice of the action on the complaint and cross-complaint, but it did not defend the construction company in said action. Judgment therein for $1,055 was rendered in favor of the electric company and against the construction company, and judgment for $23,538.34 was rendered in favor of affiant and

against the construction company. The judgment for $1,055 was paid by the construction company, but no part of the judgment in favor of affiant has been paid.

In opposition to the motion, Mr. Kwan, attorney for plaintiffs, stated in his affidavit, as follows: On February 16, 1959, a conference was held at plaintiffs' premises (the building involved here), and those present at that time were Mr. Jew, Mr. Van Tassel who is the attorney for defendant, Mr. Janes of the Janes Construction Company, and Mr. Sullivan of the Sullivan Electric Company which was a subcontractor. Those persons were taken on a tour through the building, and patent defects in the workmanship were pointed out by Mr. Jew. During that conference, Mr. Janes promised and assured the affiant and Mr. Jew that any defects, including defects in the roof deck, the warehouse floor, the conveyor unit, the electrical equipment, and the walls would be corrected. Mr. Van Tassel assented to Mr. Janes' statements and urged him to correct those defects.

Defendant's motion for summary judgment was granted, and the judgment provided that plaintiffs take nothing and that defendant recover its costs.

Appellants contend that the court erred in finding there is no triable issue of fact. They assert that the motion for summary judgment was based on the theory that the "appellants are barred from instituting an action" against the surety by the provisions of the fifth condition in the bond. As above stated, that condition was, in part: "That no suit, action or proceeding to recover on this bond shall be sustained unless the same be commenced within six months from the completion of said structure or work of improvement, as 'completion' is defined" in section 1193.1 of the Code of Civil Procedure. Appellants argue that an action "to recover on this bond" was commenced by them with the six months' period required under said condition of the bond; that there was such compliance when they filed their cross-complaint on January 22, 1959, against the construction company (in the action by the Sullivan Electric Company) ; that also there was such compliance when they filed their action herein against the bonding company (defendant), inasmuch as their building was never completed as "completion" is defined in said code section. They argue further that when they filed such cross-complaint, which was within six months after filing the completion notice, the cross-complaint was in actuality an action to recover against the construction company as

principal on the bond as well as an action against it for breach of the building contract; that since the bonding company had notice of the complaint and cross-complaint in that action (Sullivan Electric Company action) within the six months' period, the fifth condition of the bond (relative to commencing an action within six months) "would no longer be applicable"; that since the bonding company had such notice of that action within the six months' period, it had an opportunity to defend such action for its principal (the construction company).

 "[C]ontracting parties may agree upon a shorter period of limitation for bringing an action than that prescribed by statute, so long as the time allowed is reasonable [citations]." (*Ward* v. *System Auto etc. Garages, Inc.*, 149 Cal.App.2d Supp. 879, 880 [309 P.2d 577].) Section 1200.1, subdivision (c), of the Code of Civil Procedure provides, in part: "No provisions in any of the bonds given pursuant to any of the provisions of this chapter [regarding Liens of Mechanics] attempting by contract to shorten the period prescribed for the commencement of an action thereon . . . shall be valid if such provision attempts to limit the time for commencement of action thereon to a shorter period than six months from the completion of said structure or work of improvements, as 'completion' is defined in Article 3 of this chapter. . . ."

 It was established that the plaintiffs' notice of completion was recorded on August 28, 1958. This action against the bonding company was filed April 22, 1960, approximately 19 months after the notice of completion was recorded. It was also established that plaintiffs had occupied and used the building since September 1958, that is, they had occupied and used the building approximately 19 months prior to commencing this action. Appellants assert, however, that they filed the notice of completion and occupied and used the building "with the understanding that the major defects existing at that time would be corrected" by the construction company. It is to be noted that such alleged understanding was with the construction company. It is not asserted that they had such an understanding with the defendant (bonding company). Plaintiff Mr. Jew also states in his affidavit that defendant had notice of claims and liens made by subcontractors after the recording of the completion notice and after occupancy of the building, and that defendant had assured him (Mr. Jew) that all claims and liens would be taken care

of to his satisfaction. He states further in his affidavit that the defendant "did ultimately compromise and settle the said claims and liens by April, 1959, or more than six months after the Notice of Completion" was recorded and more than six months after occupancy of the building. The affidavit of Mr. Jew was filed on December 16, 1960. At a hearing of the motion for summary judgment on December 20, the court granted permission to plaintiffs to file "additional affidavits stating with particularity the evidentiary facts on which plaintiff relies on this issue [the issue as to waiver or estoppel with respect to the six months' period by reason of alleged understandings and assurances]." The hearing was continued to December 29, and meanwhile the affidavit of Mr. Kwan (plaintiffs' attorney) was filed. In Mr. Kwan's affidavit it was stated that Mr. Van Tassel assented to Mr. Janes' statements (as to promises to correct defects) and urged Mr. Janes to correct them. It does not appear from the affidavits that there was a waiver of the six months' period or that there was an estoppel to rely on that period of time. Even if facts were alleged in the affidavits which would support an estoppel predicated on such alleged conversation or "assent" at the building on February 16, 1959, such estoppel would be effective only for a reasonable time. Even after that date, this action was not commenced within six months, but was commenced approximately 14 months thereafter. ■ In *Industrial Indem. Co.* v. *Industrial Acc. Com.*, 115 Cal.App.2d 684 [252 P.2d 649], it was said, at page 690: "It is only when a substantial period for instituting proceedings supervened after expiration of the delay engendered by a party that his conduct or representations will not estop him from asserting the bar of the statute. . . . ■ A party has a reasonable time in which to bring his action after the estoppel has expired."

The filing of the cross-complaint in the Sullivan Electric Company action did not constitute the commencement of an action, by the plaintiffs herein, against the defendant herein (on the contract bond). ■ "[A] judgment against the principal in a separate action against him is not conclusive against the surety." (46 Cal.Jur.2d § 65, p. 316; see *Mahana* v. *Alexander*, 88 Cal.App. 111, 120-121 [263 P. 260].)

Plaintiffs' argument to the effect that they commenced the action in time because the building was never completed is meritless. Section 1193.1, subdivision (d), of the Code of Civil Procedure provides, in part: "In all cases, except as

provided in subdivision (e) of this section, any of the following shall be deemed equivalent to a completion: (1) the occupation or use of a work of improvement by the owner, or his agent, accompanied by cessation from labor thereon; . . . (3) after the commencement of a work of improvement, a cessation of labor thereon for a continuous period of 60 days. . . .''

It is apparent from the affidavits that the action against defendant was barred by the provision in the bond as to the time within which an action must be commenced.

The contention that the court abused its discretion is not sustainable. As above shown, the court continued the hearing on the motion in order to give plaintiffs an opportunity to file additional affidavits stating with particularity the evidentiary facts.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied November 14, 1961, and appellants' petition for a hearing by the Supreme Court was denied December 13, 1961.